NOT FOR PUBLICATION IN WEST'S HAWAI‘I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000936
10-AUG-2016
08:25 AM

NO. CAAP-14-0000936

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I


JPMORGAN CHASE BANK, NATIONAL ASSOCIATION,
Plaintiff-Appellee,
v.
CHRISTINE MARIE BICKEL and NEAL H. GRAY,
Defendants-Appellants


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 11-1-2355-10)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Fujise and Reifurth, JJ.)

Defendant-Appellant Christine Marie Bickel (Bickel) obtained a loan from Plaintiff-Appellee JPMorgan Chase Bank, National Association (Chase) in the principal amount of $204,000.00, as evidenced by a promissory note (Note) dated August 4, 2005. To secure payment of the Note, Bickel and Neal H. Gary (Gary) executed a mortgage (Mortgage) in favor of Chase, which encumbered real property located in Captain Cook, Hawai‘i (Subject Property) and was recorded on August 22, 2005, in the Bureau of Conveyances of the State of Hawai‘i (Bureau of Conveyances).

When Bickel failed to make scheduled payments under the Note and Mortgage, Chase accelerated the loan and initiated foreclosure proceedings against Bickel and Gary in the Circuit

Court of the Third Circuit (Circuit Court).[1]  On June 12, 2014, the Circuit Court entered its "Findings of Fact, Conclusions of Law, Order Granting Plaintiff's Motion for Default and/or Summary Judgment Against All Parties and for Interlocutory Decree of Foreclosure Filed January 5, 2014" (Foreclosure Order).  Pursuant to the Foreclosure Order, the Circuit Court also filed its "Judgment" on June 12, 2014 (Foreclosure Judgment), which entered summary judgment and interlocutory decree of foreclosure in favor of Chase and against Bickel and Gary.  Bickel filed a notice of appeal from the Foreclosure Judgment.[2]

A foreclosure sale of the Subject Property did not take place.  On May 29, 2015, after the filing of this appeal, Bickel entered into a "Loan Modification Agreement" with Seterus, Inc., the loan servicer for Federal National Mortgage Association (FNMA), Chase's successor in interest.[3]  The Loan Modification Agreement was recorded in the Bureau of Conveyances on August 10, 2015.  The Loan Modification Agreement "amends and supplements" the original Note and Mortgage.

In its answering brief, Chase states that the Loan Modification Agreement "effectively cured" Bickel's default under the original Note and Mortgage and that Bickel "has performed and is current under the [Loan Modification Agreement]."  As a result of Bickel's entry into the Loan Modification Agreement, her default under the terms of the original Note and Mortgage is no longer actionable, and any future default and foreclosure proceedings would be governed by, and require Bickel's violation

---

[1] The Honorable Ronald Ibarra presided.

[2] Gary did not appeal from the Foreclosure Judgment and transferred all his interest in the Subject Property to Bickel pursuant to a Quitclaim Deed recorded in the Bureau of Conveyances on June 30, 2014.

[3] Chase assigned its interest in the Mortgage to FNMA pursuant to a "Hawaii Assignment of Mortgage" recorded in the Bureau of Conveyances on June 12, 2014.

of, the terms of the Loan Modification Agreement.[4]  Accordingly, Bickel's appeal of the Foreclosure Judgment does not constitute "a present, live controversy of the kind that must exist if courts are to avoid advisory opinions on abstract propositions of law[,]" and her appeal does not present questions to be determined that "rest on existing facts or rights."  Queen Emma Foundation v. Tatibouet, 123 Hawai'i 500, 506-07, 236 P.3d 1236, 1242-43 (App. 2010) (internal quotation marks, block quote format, and citations omitted).  We therefore dismiss Bickel's appeal from the Foreclosure Judgment as moot.

DATED: Honolulu, Hawai'i, August 10, 2016.

On the briefs:

Damon M. Senaha
Colin B. Sakumoto
(Law Office of Damon M.
    Senaha LLLC)
for Defendant-Appellant

David B. Rosen
David E. McAllister
Justin S. Moyer
(Aldridge Pite, LLP)
for Plaintiff-Appellee

*Craig H. Nakamura*

Chief Judge

*Associate Judge*

*Associate Judge*

---

[4] Chase represents in its brief that Chase and FNMA plan to file a motion in the Circuit Court to substitute FNMA as a party in place of Chase and that FNMA thereafter "intends to file a Motion to: (1) set aside the [Foreclosure Order and Foreclosure Judgment]; and (2) Dismiss the Foreclosure Action" on the basis that "the Loan Modification Agreement has rendered the foreclosure action moot."

3